PUBLISHED
Filed: 1/26/07

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

No. 02-1088

BOYD AND STEVENSON COAL COMPANY,

Petitioner,

versus

DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR;

and

IRENE SLONE,

Respondents.

O R D E R

In this case, Irene Slone, a widow, was awarded benefits for her husband's death due to black lung disease. That judgment was paid by the Virginia Property and Casualty Insurance Guaranty Association (VPCIGA).

Mrs. Slone has before us a motion to remand the case to the Director, Office of Workers Compensation Programs for a decision as to liability for the payment of attorney's fees for Mrs. Slone's attorney in this court and otherwise. The Director has called our

attention to the fact that the said VPCIGA is not a party to this proceeding and has, nevertheless, declined liability on his part, although he is of opinion that VPCIGA is so responsible.  We note at this point that in at least one case we have heard, we have stated that the Director's interpretation of the Black Lung Act should be deferred to.  Betty B Coal v. Director, 194 F.3d 491, 498 (4th Cir. 1999).  Mrs. Slone's attorney has advised us that he is advised by the attorney for VPCIGA that it will decline to pay his attorney's fees, in an amount which should be allowed by this court or an administrative body.

It is accordingly ADJUDGED and ORDERED as follows:

1.  Virginia Property Casualty Insurance Guaranty Association shall be, and it hereby is, made a party to this proceeding.  The clerk of this court will cause to be served on VPCIGA a copy of this order.  Upon such service,  VPCIGA will be a party to this proceeding.

2.  We invite motions by all interested parties with respect to liability for such attorney's fees, especially VPCIGA, Irene Slone, Boyd  and Stevenson Coal Company, and the Director.  Said motions will be filed within 30 days from the date of service of this order upon VPCIGA and will be not more than 10 pages in length, including citation of authorities.

3.  Following the filing of the motions mentioned in paragraph 2 above, the court will enter such orders as may be appropriate.

With the concurrences of Judge Wilkinson and Judge Niemeyer.


/s/ H. E. Widener, Jr.
_____

For the Court